ISRAEL P. RUMSEY AND ANOTHER, RESPONDENTS, *v.* CHARLES A. BOUTWELL, AS SURVIVOR, ETC., APPELLANT.

*Evidence — proof of a sale by a broker, supported by testimony of the interested party only, presents a question for the jury — effect of the contract slips being in the broker's name.*

One Boutwell, in August, requested a firm of grain brokers in Chicago to buy upon its board of trade October corn at forty-five cents a bushel. A custom existed there, which was known to Boutwell, that brokers should purchase grain in their own names. Certain contract slips were at once executed upon such sale which recited the Chicago brokers as the buyers, the sellers, the property and its price.

In an action brought by the brokers against Boutwell to recover a balance due upon the transaction, the answer denied that the brokers ever actually purchased the grain for Boutwell.

Upon the trial the only evidence upon this point was that of one of the brokers and said contract slips.

*Held*, that as the evidence of the purchase, and of the genuineness of said slips, depended wholly upon the testimony of the broker, an interested party, Boutwell was entitled to go to the jury upon the question as to the credibility of the broker, and that it was error to direct a verdict for the plaintiff.

That said contract slips, in themselves, except as supported by the testimony of the broker, did not show any purchase by Boutwell.

Subsequently, and in September, the brokers sold the corn at a loss. The answer denied that such sales were sales of Boutwell's corn. Upon this question the broker was the only witness.

*Held*, that he was a party in interest and that the case should have gone to the jury. (LANDON, J., dissenting.)

APPEAL by the defendant Charles A. Boutwell, as surviving partner of O. Boutwell & Son, from a judgment, entered in the clerk's office of Rensselaer county on the 20th day of February, 1891, in favor of the plaintiffs for $1,941.82, after a trial at the Rensselaer Circuit before the court and a jury.

*Frank S. Black*, for the appellant.

*Alfred A. Guthrie*, for the respondents.

LEARNED, P. J. :

This is an appeal from a judgment on a verdict for the plaintiff directed by the court.

The only point which the appellant urges on this appeal is, that he was entitled to go to the jury, and especially upon the question " whether this corn was ever actually purchased by the plaintiffs, as the plaintiff Rumsey is the only evidence on the subject."

The action is for a balance alleged to be owing plaintiffs upon a purchase of corn, which the plaintiffs claim that they actually made for defendant's firm. It was admitted that in August, 1886, defendant's firm requested the plaintiffs to buy a certain amount of October corn at forty-five cents a bushel. An important question is whether the plaintiffs did make this purchase. It was admitted that, in such cases, it was the custom of brokers to purchase grain in their own names, without disclosing their principals, and that defendant's firm knew of this custom.

The plaintiff Rumsey testified: "On the 14th of August, 1886, we purchased this amount of corn at forty-five cents a bushel. We made this purchase *for defendants under this custom.*" He further testifies that they bought this corn of certain persons, naming them, that it was delivered to them by receipts from elevators; that it was handled by receipts demanding that amount of corn, and in no other way ; that it was never actually moved from one place to another.

He produced certain slips, contract slips as they are called, which, he stated, were made at the time, representing the purchase. The first is signed by no one, the others purport to be signed by five different parties, and are as follows (excepting signatures) :

"CHICAGO, 8, 14, 1886.

" We hereby confirm sales made by us to-day under the rules of the Chicago Board of Trade, as follows, to

RUMSEY & BUELL :

| Amount. | Kind of Property | Delivery. | Price. |
|---|---|---|---|
| 10 ........ | Corn.... ........ | Oct....... | 45 |

" BENSLEY BROS."

The plaintiffs advised defendant's firm on the same day of the purchase. And several letters of plaintiffs to defendant's firm are produced, which refer to the purchase. Drafts were drawn by plaintiffs on the defendant's firm and were paid.

Finally, the price of corn further declined and plaintiff Rumsey testifies that, on or about September twenty-seventh, they sold the corn for considerably less than forty-five cents per bushel. The difference, less what had been paid by defendant's firm, is the amount recovered

On October first, the time when the corn is alleged to have been sold, the plaintiffs wrote defendant's firm, saying : " The corn upon your purchase was delivered this morning to us, and delivered out again upon your sale." The defendant urges that this shows that there was no real purchase made on the sixth of August as claimed by plaintiffs. The learned justice in his charge stated in two places that the plaintiffs did buy the corn and paid the money for it ; so that he must have assumed that the testimony of plaintiff Rumsey established an actual purchase. There is no testimony showing the

meaning of "October corn." It may be that the order given by defendant's firm implies that no immediate delivery was intended. There was no witness for the plaintiffs other than plaintiff Rumsey.

At the close of the case the court directed a verdict for plaintiffs. The defendant excepted to this and also asked to go to the jury on the question whether the corn was ever actually purchased by plaintiffs, as plaintiff Rumsey was the only witness on that subject. This was refused and defendant excepted.

Although the general rule is that, where the testimony of a witness to a fact is not contradicted, it must not be disregarded by the jury; yet it has been repeatedly held by the highest court in this State that the rule does not apply where the witness is a party or is interested. In such cases it is decided that the question of the credibility of the witness, although he is not contradicted, is for the jury; and that the court cannot legally take this question from them. (*Elwood* v. *West. U. Tel. Co.*, 45 N. Y., 549; *Gildersleeve* v. *Landon*, 73 id., 609; *Kavanagh* v. *Wilson*, 70 id., 177; *Wohlfahrt* v. *Beckert*, 92 id., 490.)

We do not see why this principle does not apply here. The question in the pleadings was, whether plaintiffs purchased this corn for defendant's firm. The defendant's answer denied this. The proof was the testimony of one of the plaintiffs only. The jury might have disbelieved his testimony. Therefore, the court could not take the question from them.

It is said that there are letters of defendant's firm. But these are only in response to plaintiffs' letters and information. The defendant's firm knew nothing of the fact and their letters are no admission.

It is also urged that the printed slips introduced in evidence so confirmed Rumsey's testimony that the principle does not apply. But the admission of these slips was objected to by defendant. Their genuineness depends only on the testimony of Rumsey, who says that they were made at the time of the purchase. Therefore, the same principle applies to his testimony as to these slips as to any other part of his testimony, viz., that the jury are not bound to believe it. So that we come back to the same condition, that the plaintiffs' case rested solely on Rumsey's testimony.

In this last respect the case is similar to that of *Hodge* v. *Buffalo* (1 Abb. N. C., 356). The plaintiff, by her own testimony, proved

her own age, and she corroborated this by an entry in a Bible ; which, by her own testimony, she proved to be her father's family Bible. She also testified that the entry was in her father's handwriting. This evidence was not contradicted. The defendant asked to go to the jury and this was refused. The General Term held that this was error. The Bible and the entry rested on plaintiff's testimony only, so that they were not independent evidence, and the case should have gone to the jury. That case is closely analogous to the present.

It is certainly doubtful, even if those slips had been proved to be genuine by other testimony, whether they would have proved that the plaintiffs bought for the defendant's firm the corn ordered by their telegram. Nothing in those slips shows that the purchase, if made at all, was made for the defendant's firm ; or that defendant's firm had any right therein. Even admitting that such purchase was according to custom, still it could not be shown by the slips themselves that the purchase was made for defendant's firm. If such was the fact, it was shown only by the testimony of plaintiff Rumsey.

Let us suppose, in order to test this matter, that the jury had disbelieved all which plaintiff Rumsey said on the stand, as, under the decisions, they could lawfully do, is there anything remaining on which a verdict in plaintiffs' favor could be sustained? Certainly not.

If the testimony of Rumsey was not true, it was difficult, if not impossible, for defendant to contradict it. Admitting that the plaintiffs made the contracts indicated by the slips, where could the defendant obtain evidence to contradict the testimony of Rumsey, that these identical contracts were made for defendant's firm. This consideration shows the justice of the principle above examined, that in such cases as this the question must be determined by the jury, and that the court cannot decide, as a matter of law, that the plaintiff's testimony must be believed.

But there is still another consideration. The plaintiffs' cause of action depends not solely upon the purchases alleged to have been made for defendant's firm, but upon the subsequent sales of the corn by plaintiffs. Such sales are denied by the answer. The fact of such sales is shown only by the testimony of Rumsey, the plaintiff.

There is no corroboration of any kind. Here, then, is a fact resting only on the testimony of a party. Yet the court refuses to allow the case to go to the jury.

This is the only point argued before us. And, therefore, we discuss no other; and only follow the decisions above cited as binding upon us.

Judgment reversed, new trial granted, costs to abide event.

MAYHAM, J., concurred.

LANDON, J. (dissenting) :

The defendant gave his order August 13, 1886, to the plaintiff, a broker buying and selling corn at the Chicago Board of Trade, to buy for him 100,000 bushels of *October* corn, at forty-five cents. What did defendant expect to get August thirteenth? Certainly no delivery of October corn at that early date. All he wanted was the brokers' contracts of the Chicago Board of Trade for 100,000 bushels of corn, deliverable in October, such as plaintiff could there purchase. The plaintiff testified that he bought the corn, on the date of the order, pursuant to the order. He also produced in evidence the brokers' contract slips which he then obtained, showing the purchase as ordered. He testified to their genuineness. These slips were equivalent to the orders, or entitled the holder to the orders of their makers, for the corn specified in them, deliverable in October. The correspondence between the parties and defendant's payments showed defendant's admission of the plaintiff's case, or, if less than a full admission, were in corroboration of plaintiff's testimony. The rule that the jury must pass upon the credibility of the testimony of a party when uncorroborated, has no application. That rule, like many other so-called general rules, applies to cases on all fours with those in which it has been announced. Where a party's testimony is so new or strange as to cause surprise, or is not susceptible of contradiction if false, there is much greater reason for the application of the rule than in a case like this, where it is plain that the defendant has no doubt of the truth of plaintiff's testimony, but has some hope that a jury may be willing to extricate him from the consequences of his foolish speculation.

Judgment reversed, new trial granted, costs to abide event.