JOHN PIWOWARSKI, an Infant, by ANTHONY PIWOWARSKI, His Guardian ad Litem, Appellant, v. ALTAMONT CORNWELL, Respondent, Inpleaded with Another.

ANTHONY PIWOWARSKI, Appellant, v. ALTAMONT CORNWELL, Respondent, Impleaded with Another.

Argued January 7, 1937; decided March 9, 1937.

227

*Roland Crangle* and *Carlton P. O'Connor* for appellants. The testimony of the defendant and his son, and of the borrower of the car, bore the marks of self-interest testimony and its credibility was properly submitted to the jury. The plaintiffs fully established a *prima facie* case as to the liability of the defendant when the personal injuries were proven and the defendant had stipulated that he owned the car and that its operation on the occasion of the accident was negligent. That presumption of liability was not destroyed, as a matter of law, by the testimony of the defendant, his son and the borrower of the car who were all interested in the outcome of the case. (*Stein* v. *Mendetz*, 125 App. Div. 561; *Hull* v. *Littauer*, 162 N. Y. 569; *Ferris* v. *Sterling*, 214 N. Y. 249; *Fallon* v. *Swackhamer*, 226 N. Y. 444; *Moore* v. *Rosenmond*, 238 N. Y. 356; *Orlando* v. *Pioneer B. T. S. Co.*, 239 N. Y. 342; *Schultze* v. *McGuire*, 241 N. Y. 460; *Chaika* v. *Vandenberg*, 252 N. Y. 101; *Jorgensen* v. *Jæger & Klein*, 257 N. Y. 171; *Zuckerman* v. *Parton*, 260 N. Y. 446; *Gordon* v. *Ashley*, 191 N. Y. 186; *Wiemers, Inc.*, v. *American Fidelity Co.*, 181 App. Div. 774; *Glasgow* v. *Weldt*, 218 App. Div. 749; *Cunningham* v. *Castle*, 127 App. Div. 580; *Powers* v. *Wilson*, 203 App. Div. 232.)

*Peter A. Schultz* and *Gordon Steele* for respondent. Plaintiffs failed to establish, by a fair preponderance of the evidence, that the borrower of the car at the time of the accident operated it with the express or implied permission of the owner. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368.)

O'Brien, J. The infant plaintiff was injured in a collision with an automobile owned by defendant Cornwell and driven by defendant Gallup. A verdict was rendered for plaintiff but the judgment was reversed on the law and the complaint was dismissed. If an issue of fact is present, the judgment at Trial Term should not have been reversed on the law.

The parties stipulated on the trial that defendant Cornwell was the owner of the car and that its operation at the time of the collision was negligent. Without objection, the trial justice stated the sole question to be whether at the time of the injury to plaintiff the car was operated with the express or implied permission of the owner.

Gallup, the driver of the car, was a friend of Cornwell and for several months had been accustomed, gratuitously, to drive Cornwell. On the day of the accident he drove Cornwell from Portageville, where both resided, to the home of Cornwell's son at Blasdell. While Cornwell was visiting his son, Gallup obtained permission to use the car and then he drove away. Several hours later the collision with plaintiff's car occurred in Buffalo at a point more than three miles distant from the younger Cornwell's house at Blasdell.

When defendant Cornwell conceded ownership of the car, plaintiff's case *prima facie* was proved. The question is whether substantial evidence was produced by defendant to rebut the presumption that the car was in use with defendant's consent at the time of the accident. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368.) If the jury was bound as matter of law to credit the testimony of defendant's witnesses, there was such substantial evidence to overcome the presumption. That evidence consists of testimony to the effect that Gallup, the driver, was granted permission to use the car for a time variously stated as half an hour to two hours to visit a friend in Blasdell and Gallup, failing to find his friend, decided, in

view of the fact that he had two or three hours to wait, to drive to Buffalo and see a ball game. This testimony was not contradicted. No one was in a position to deny it. When Gallup drove away from the home of the younger Cornwell, no one was present who could testify in relation to the purpose for which the car was to be used except the defendant Gallup, the defendant Cornwell and his son. No court has power to determine the truth or falsity of the evidence of these interested witnesses. Their credibility, even though their testimony be uncontradicted, when contradiction is impossible and its truthfulness or accuracy is open to a reasonable doubt, was exclusively for the jury. (*Elwood* v. *Western Union Tel. Co.*, 45 N. Y. 549, 554; *Hull* v. *Littauer*, 162 N. Y. 569, 572; *Orlando* v. *Pioneer B. T. S. Co.*, 239 N. Y. 342; *Mattar* v. *Cesari*, 266 N. Y. 650; *Nee* v. *Sloboda*, 270 N. Y. 571.)

In each case, the judgment of the Appellate Division should be reversed and that of the Trial Term affirmed, with costs in this court and in the Appellate Division.

CRANE, Ch. J., HUBBS, LOUGHRAN and RIPPEY, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Judgment accordingly.