ANNA J. LEVY and ROSE G. ABRAHAMS, as Executrices, etc., of JACOB LEVY, Deceased, Appellants, v. LOUIS KRAM, INC., Respondent.

No opinion. Present — O'Malley, Townley, Glennon, Untermyer and Cohn, JJ.; Cohn and Untermyer, JJ., dissent and vote to reverse and grant a new trial; dissenting opinion by Cohn, J.

COHN, J. (dissenting). The trial court should not have directed a verdict in favor of defendant. The question as to whether the alleged agreement between plaintiffs' testator (hereinafter referred to as plaintiff) and defendant was illegal and in violation of section 439 of the Penal Law was one of fact for the jury.

Plaintiff, a buyer employed by the Metropolitan Tobacco Company, made an agreement with defendant, an advertising agency, to secure for defendant advertising contracts from large tobacco concerns who were customers of plaintiff's employer. In consideration, plaintiff was to receive a percentage of commissions which the advertising agency earned. Plaintiff received considerable sums for past services and this suit was for additional commissions. The contract was not invalid upon its face nor could it be said as a matter of law that it was invalid on plaintiff's proof. The presumption is in favor of the legality of a contract, rather than its illegality. (*Brearton* v. *DeWitt*, 252 N. Y. 495, 500; *Curtis* v. *Gokey*, 68 id. 301, 304; *Sheridan* v. *Weber*, 252 App. Div. 398, 403.)

There was no showing that plaintiff's intervention with certain advertisers and manufacturers in behalf of defendant had any effect upon the quality or quantity of his work for his employer, the Metropolitan Tobacco Company. There is no claim that any business was ever done between plaintiff's employer and defendant, nor is there proof in the record that plaintiff's conduct influenced his judgment in relation to his employer's business. The only evidence tending to show that the conduct of plaintiff was unknown to his employer was testimony by William Kram, an officer of defendant, called as a witness by plaintiff to prove the making of the contract. The trial court elicited from this witness, over plaintiff's objection, that plaintiff had asked Kram not to divulge to plaintiff's employer his receipt of these commissions from defendant. Kram was an adverse witness. His testimony, if competent when received, would not be conclusive. The credibility of Kram was for the jury in view of the fact that plaintiff, because of his mental condition, could not be called to contradict him. The credibility of a hostile witness, even though uncontradicted, when contradiction is impossible and its truthfulness is open to reasonable doubt, is exclusively one for the jury. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226; *Ferris* v. *Sterling*, 214 id. 249, 253.)

Defendant rested on plaintiff's case without offering any proof. In the circumstances, it was for the jury to determine whether plaintiff's agreement with defendant was unlawful and void. Upon all the evidence, and in view of the defendant's failure to offer any testimony in support of its defense of illegality, the triers of fact reasonably might find that plaintiff's activities in connection with defendant's business involved no divided loyalty and in no way could have operated to the injury of plaintiff's employer.

The judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

Untermyer, J., concurs with Cohn, J.