Thaddeus Winnowski et al., Appellants, *v.* Joseph T. Polito, Respondent.

Frank Witko et al., Appellants, *v.* Joseph T. Polito, Respondent.

Argued January 11, 1945; decided April 12, 1945.

*John T. De Graff* and *William F. Conway* for appellants. I. Whether the defendant's son had permission to drive the defendant's automobile presented only a question of fact which the trial court resolved in the plaintiff's favor. It was, therefore, error for the court below to reverse the judgments on the law. (*Zuckerman* v. *Parton,* 260 N. Y. 446; *Houlihan* v. *Selengut,* 263 App. Div. 811.) II. Defendant was personally negligent in leaving his automobile in an unsafe, dangerous and illegal manner and this negligence was a proximate cause of the injuries to plaintiffs. (*Tierney* v. *New York Dugan Bros., Inc.,* 288 N. Y. 16; *Connell* v. *Berland,* 223 App. Div. 234, 248 N. Y. 641.)

*Arthur B. Lanphier* for respondent. I. Plaintiffs failed to prove negligence by a fair preponderance of the evidence. (*Galbraith* v. *Busch,* 267 N. Y. 230; *Spreen* v. *McCann,* 264 N. Y. 546.) II. Even assuming that the car was parked in violation of a statute, the violation of the statute was not the proximate producing or contributing cause of the accident and, therefore, no liability can be placed upon defendant, on account of the position in which the car was parked (*Senchack* v. *Sterling,* 252 App. Div. 894; *Walter* v. *Bond,* 45 N. Y. S. 2d 378, 267 App. Div. 779, 292 N. Y. 574.) III. The liability of the owner is dependent upon legal use or operation in business

or otherwise with permission or consent. (*Fuegel* v. *Coudert*, 244 N. Y. 393; *Atwater* v. *Lober*, 133 Misc. 652; *Ferris* v. *Sterling*, 214 N. Y. 249; *Piwowarski* v. *Cornwell*, 273 N. Y. 263; *St. Andrassy* v. *Mooney*, 262 N. Y. 368; *Tierney* v. *New York Dugan Bros., Inc.*, 288 N. Y. 16.) IV. Defendant's automobile was driven without his knowledge, consent or permission. (*Yablonowitz* v. *Korn*, 205 App. Div. 440; *St. Andrassy* v. *Mooney*, 262 N. Y. 368.) V. Nor were the bringing of the car to a stop, the leaving of the keys in the car and the fact that the car was in gear the proximate producing or contributing causes of the accident. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368; *Walter* v. *Bond*, 45 N. Y. S. 2d 378, 267 App. Div. 779, 292 N. Y. 574.)

DYE, J. These companion actions which were tried together but never consolidated, arose simultaneously and are for the injuries sustained by the plaintiffs Harriet Winnowski and Nora Witko and the damages to their respective husbands for medical expenses and loss of services when the defendant's automobile driven by his fourteen-year-old son ran on the sidewalk and struck them.

The plaintiffs had recovered judgments in the City Court of Albany which were affirmed upon appeal by the Albany County Court. Later, upon appeal to the Appellate Division, third department, the judgments were reversed and the complaints dismissed on the ground that the prima facie cases created by the presumption of authorized use with owner's permission (Vehicle and Traffic Law, § 59) had been overcome, when the defendant, his wife and the infant driver each testified that no permission to drive on this or any other occasion had been given, but that, on the contrary, the boy had been expressly forbidden to drive the car at any time. (*St. Andrassy* v. *Mooney*, 262 N. Y. 368.) This testimony was not contradicted for the very good reason that the plaintiffs were not in a position to do so. The trial court, weighing this testimony of the vitally interested witnesses in the light of all the circumstances, came to the conclusion that the statutory presumption of implied permission was not overcome. In so doing he was well within his prerogative as the trier of the facts. (*Piwowarski* v. *Cornwell*, 273 N. Y. 226.)

Here, the defendant double parked his automobile on a busy thoroughfare in a shopping district in the city of Albany, opposite another car which was between it and the curb. At the same time, he left the key in the ignition switch, the gears enmeshed and the front wheel turned toward the curb. With him at the time was his wife and fourteen-year-old son. The defendant and his wife then got out of the car and went into a nearby store leaving the boy sitting in the rear seat. During their absence the boy moved to the front seat taking a position behind the steering wheel. He testified that while thus sitting, a policeman directed him, notwithstanding his protest that he could not drive and did not have an operator's license, to move the car to an open space at the curb. He thereupon released the brake, stepped on the starter, and the car, being in gear, ran over the curb, striking the plaintiffs, who, at that moment, were walking along the sidewalk. The policeman alleged to have given the directions to move the car was not called as a witness.

While it is not easy to formulate a universally applicable definition as to the meaning of implied permission mentioned in the statute, it must be recognized as a basic proposition that when one leaves his motor vehicle in a busy street in such a position that a reasonably prudent person should anticipate that in the event of an emergency or other necessity, it must be moved, it imposes upon the owner responsibility for the negligent acts of the person left in charge.

The judgments of the Appellate Division should be reversed and the actions remitted to the Appellate Division for determination upon the questions of fact raised in that court, with costs in this court and in the Appellate Division to abide the event.

LOUGHRAN, LEWIS, CONWAY, DESMOND and THACHER, JJ., concur; LEHMAN, Ch. J., dissents.

Judgment accordingly.