Appeal by plaintiffs from judgments in favor of defendant, and from orders denying their motions for a new trial. On October 24, 1945, the plaintiff, Father Gospodarek, was driving his car easterly on the State highway between Albany and Schenectady. The coplaintiff was a passenger in his car. At a point easterly of the city of Schenectady, a car owned by William M. Murray, Sr., now deceased, was being operated in a westerly direction by Robert O. Rodgers. The Murray car swung across the highway and collided with the car owned by plaintiff, as a result of which plaintiff’s car was damaged and both plaintiffs sustained personal injuries- *1039 Mr. Murray, Sr., had loaned his car to his son, William M. Murray, Jr., the day previously lor the purpose of going to the city of Schenectady. The hoy drove the car to Schenectady and while there met two companions, Hill and Eodgers. The proof discloses that they visited various taverns in which liquor was sold and became more or less intoxicated. The three boys returned to the Murray home on the morning of October 24th. Later in the day, Mr. Murray, Sr., again gave his son permission to use the car for the purpose of going to Schenectady. Young Murray was accompanied by Hill and Eodgers. While in Schenectady they imbibed rather freely in intoxicating liquors. Eodgers testified that Murray permitted him to use the car on the afternoon of that day for the purpose of obtaining food. This is disputed by Murray. In any event, Eodgers, while using the car, collided with the car in which the plaintiffs were riding. There is proof from disinterested witnesses that Murray, Jr., stated that he had permitted Eodgers to use the car. On the record before us we are satisfied that the jury’s verdict is against the weight of the evidence. Upon the proof, the jury might well have concluded that Murray, Sr., permitted his son to use the car without any restrictions as to its operation. (Winnowski V. Volito, 294 N. Y. 159; Bennett V. Nazzaro, 144 Mise. 450, affd. 237 App. Div. 866.) Being satisfied that the verdicts are against the weight of the evidence, in our opinion justice requires that there be a new trial. Judgments and orders reversed, on the law and facts, with costs to abide the event, and a new trial granted. All concur. [See 272 App. "Div. 843.]