■ RICHARD J. SHIPPEY, Appellant, v. WILLIAM BERKEY, Respondent. RICHARD J. SHIPPEY, as Administrator of the Estate of CAROL A. SHIPPEY, Deceased, Appellant, v. WILLIAM BERKEY, Respondent.— Plaintiffs appeal from an order entered in the above-entitled actions, granted at Special Term of the Supreme Court of Onondaga County but entered in the county of Cortland, which vacated and set aside the service of the summons and complaint in each of the above-entitled actions. The controversy involves an automobile accident that happened in the State of New York. Plaintiffs are residents of this State and the defendant is a nonresident who lives in the State of Pennsylvania. Defendant was not present at the time of the accident and his automobile was being driven at the time by his son. The summons and complaint in each of the actions were served upon the defendant pursuant to the provisions of section 52 of the Vehicle and Traffic Law. The Special Term set aside the service of the summonses and complaints upon a finding that defendant's car was being operated at the time without his consent, express or implied. This finding was based upon ex parte statements obtained at the instance of the defendant or his counsel. Plaintiffs had no opportunity to examine or cross-examine, under oath, any of the persons whose statements were offered on the defendant's motion. Defendant admitted in a statement offered on the motion that he was the owner of the car that his son was driving at the time of the accident. This admission created presumption that the car was being operated with his consent at the time of the accident (*Piwowarski* v. *Cornwell*, 273 N. Y. 226). Of course such a presumption can be rebutted if evidence to the contrary is produced, but the issue is one of fact and cannot be properly determined by the court upon ex parte affidavits and statements. It is an issue that should be determined upon a hearing on all of the evidence where the plaintiff has the right to examine and cross-examine witnesses. Order reversed on the law, with $10 costs. Foster, P. J., Bergan, Halpern and Gibson, JJ., concur.