Charles Lambíase, J.
This is a motion made in each of the above-entitled actions pursuant to rule 113 of the Buies of Civil Practice by the defendants, Harry L. Kahler and Herbert W. Kahler, doing business as DEAN & LEE, for judgment in favor of said defendants and against the plaintiffs, and for such other and further relief as to the court may seem just and proper.
Plaintiffs brought action against movant owners of a motor vehicle and against defendant, Winston D. Halbert, as operator thereof, for injuries alleged to have been sustained as the result of an accident. The defendant owners have specifically denied in their answers that the defendant operator was operating their vehicle with their permission, express or implied. They admit therein for themselves the negligence of the defendant oprator, Winston D. Halbert.
Defendants Kahler, on this motion, have submitted the affidavits of Harry L. Kahler, one of the defendant owners, and of others including an affidavit of the defendant operator of the vehicle, to the effect that at the time of the accident the motor vehicle was being operated without the permission, express or implied, of the owners. Movants contend, therefore, that the negligence of the defendant operator cannot be attributable to them under the provisions of the then section 59, now section 388, of the Vehicle and Traffic Law, imposing liability upon an owner of a motor vehicle for damages resulting from the negligent operation of his automobile by any person operating the same with the permission, express or implied, of such owner. On the other hand, plaintiffs maintain that 11 an implied permission to use the vehicle did exist and that there is thereby an issue of fact set forth in the petition [sic] and raised in and by the proceedings and by the surrounding circumstances it requires a full and complete presentation of the facts and the controlling law to the court for a just determination.” We are unable to agree with defendants’ contention.
In St. Andrassy v. Mooney (262 N. Y. 368, 371) the court said: “ We have held that since the enactment of the statute imposing this new liability upon the owner of a motor vehicle, the owner is presumptively responsible for the manner in which it is driven even though it appear that the vehicle was not being used in his service or for his business, for the inference of permission is not excluded. * * *. The burden of proof is always on the plaintiffs. They have met that burden in the first instance by the presumption arising from proof of ownership. The operation of a motor vehicle without the consent of *17 the owner is unlawful, and in the absence of explanation a logical inference of lawful operation with the owner’s consent maybe drawn from the possession of the operator.” When defendants Kahler conceded ownership of the automobile, plaintiffs’ case prima facie was proved. (Piwowarski v. Cornwell, 273 N. Y. 226, 228.) The presumption growing out of a prima facie case, however, remains only so long as there is no substantial evidence to the contrary. When that is offered, the presumption disappears, and unless met by further proof there is nothing to justify a finding based solely upon it. (Chaika v. Vandenberg, 252 N. Y. 101, 104, citing Potts v. Pardee, 220 N. Y. 431.) The question is whether substantial evidence was produced by defendants to rebut the presumption that the car was in use with defendants’ consent at the time of the accident. (St. Andrassy v. Mooney, supra.) That question, we believe, we may not summarily determine upon this application. (Piwowarski v. Cornwell, supra.)
The motions must be and hereby are each separately denied.