Hofstadter, J. P.
(dissenting). I dissent and vote to affirm the conviction.
There were only two witnesses. The People’s witness was a motorcycle patrolman who issued the summons for speeding to the man named on the operator’s license that was presented to him on demand. It is a safe and right assumption that there was no variance in the personal description on the license and the appearance of the man to whom the officer handed the ticket.
The other witness was the defendant. The trial court disbelieved him. Considering his posture as defendant, his motive for fabrication is plain; and his testimony that his custom was to leave his operator’s license — as distinguished from an owner’s registration card — in the glove compartment of the car, challenges credulity. The trial court was not compelled to accept this testimony (People v. Weiss, 290 N. Y. 160, 170; Noseworthy v. City of New York, 298 N. Y. 76, 79-80; Piwowarski v. Cornwell, 273 N. Y. 226; Harris v. Fifth Ave. Coach Co., 132 N. Y. S. 743, 744).
Were it within our competence to resolve the factual issue de novo — which it is not — I would agree with the court’s finding. Obviously, the defendant was lying; even if a fellow employee had been the one to get the ticket, he would have told Boss about it, whose license he used. Indeed, if this case involved civil liability, defendant’s action in leaving his driving license, registration and ignition key in his car in an open parking lot would render him liable. Under these circumstances we need not stretch things “ to a filament ” to exonerate him from a mild penal imposition (a fine) for what is a grave offense in these days of multiplying traffic accidents. The automobile is a lethal agency — to speed in it is to subject others to potential loss of life and limb.
The officer’s inability to identify the defendant three years after the event (having issued 2,000 summonses in the interim) is without significance. What is significant, however, is defend *262 ant’s failure to call any witness from Ms employer’s establishment to place him elsewhere than on the Major Deegan Highway at the time of the incident.
Tilzer, J., concurs with Gold, J.; Hofstadter, J. P., dissents in opinion. Judgment reversed, etc.