49 N.Y.2d 882 (1980)
James Banellis, Appellant,
v.
John E. Yackel, Respondent.
Court of Appeals of the State of New York.
Argued January 11, 1980.
Decided March 27, 1980.
Eugene B. Young for appellant.
Elijah Huling, Jr., for respondent.
Chief Judge COOKE and Judges JASEN, GABRIELLI, JONES and WACHTLER concur in memorandum; Judge MEYER dissents and votes to reverse in a separate opinion in which Judge FUCHSBERG concurs.
*883 MEMORANDUM.
The order appealed from should be affirmed, with costs, for *884 the reasons stated in the memorandum at the Appellate Division (69 AD2d 1013). We note that all members of this court are agreed that in order to avoid liability under subdivision (a) of section 1210 of the Vehicle and Traffic Law, a motorist need only ensure that the ignition key is "hidden from sight" and need not additionally conceal it so that the key is "not readily discoverable by a prospective car thief without extreme difficulty" (NY Legis Ann, 1967, pp 205, 206). As to the concerns expressed by the dissent, it suffices to note that plaintiff's arguments at trial and before this court were premised upon his acceptance of the fact that defendant had placed the ignition key on the front seat under the cross reference directory and thus out of sight. At no time has he ever advanced the theory now espoused by the dissenters  that the defendant had not hidden the key under the book. Rather than arguing that defendant had not so hidden the key, plaintiff contended and now argues that this was not enough to fulfill the statutory mandate. In light of this concession, there existed no question of fact concerning the credibility of defendant's testimony, and thus the trial court did not err in granting judgment to defendant at the close of plaintiff's case.
MEYER, J. (dissenting).
I respectfully dissent. The holding of the majority effectively renders subdivision (a) of section 1210 of the Vehicle and Traffic Law meaningless against any vehicle owner who is prepared to testify that though he left the keys in his car they were "hidden from sight". Seldom if ever will a plaintiff who has been injured by a thief who stole the car in which defendant left the keys be able to present evidence contradicting defendant's claim that the keys were "hidden from sight". In my view, therefore, the holding should be that, unless contradictory proof is available, the testimony of a defendant car owner, though uncontradicted, presents a question to be decided by the trier of fact, who should be free, because defendant's self-interest renders his testimony suspect, to weigh that interest and defendant's demeanor as he gives his testimony, in deciding whether defendant's keys were in fact "hidden from sight".
The statute mandates that one in charge of a motor vehicle not permit it to stand unattended without "removing the key from the vehicle", but adds the proviso that "the provision for removing the keys from the vehicle shall not require the *885 removal of keys hidden from sight about the vehicle for convenience or emergency". The dissenters below, interpreting the proviso in light of the memorandum of Assemblyman Harvey M. Lifset, the sponsor of the 1967 amendment that inserted it, suggest that there is a jury question whether the keys were so concealed as to be "not readily discoverable by a prospective car thief without extreme difficulty" (NY Legis Ann, 1967, pp 205, 206), but I doubt that concept can be read into words so unambiguous as "hidden from sight" on the basis of legislative history (1 McKinney's Cons Laws of NY, Statutes, § 124, p 256).
There are, however, two related lines of precedent for holding that the interest of defendant is sufficient to take the "hidden from sight" issue to the trier of fact. The first is that for which Hull v Littauer (162 N.Y. 569) is the usually cited case, which says that evidence of a party not contradicted by direct evidence, nor by legitimate inferences from the evidence, and not opposed to probability nor in its nature surprising or suspicious, is not to be denied conclusiveness. That rule because it is "founded in reason" recognizes that the evidence must be "possible of contradiction in the circumstances" (162 NY, at p 572; Foreman v Foreman, 251 N.Y. 237, 242; Kavanagh v Wilson, 70 N.Y. 177, 180; Rumsey v Boutwell, 61 Hun 165, 169; cf. Bobbe, Uncontradicted Testimony Of An Interested Witness, 20 Cornell LQ 33, 41-42). The Hull case was a departure from a long line of cases holding that the witnesses' interest "was of itself sufficient to take from the court the right to dispose of the case upon their evidence" (Elwood v Western Union Tel. Co., 45 N.Y. 549, 554; see Bobbe, op. cit., p 34, n 7) and has been severely criticized (Bobbe, op. cit., passim; see Note, 10 Syracuse L Rev 112). Where, as here, it is wholly beyond possibility for plaintiff to contradict defendant's testimony, the thief not being available to testify, it is time for us to state, clearly and directly, what Hull adumbrates; that, at least in such a case, the issue is always for the trier of fact.
The second and related line of precedent, exemplified by Piwowarski v Cornwell (273 N.Y. 226) and Chaika v Vandenberg (252 N.Y. 101), holds that the owner of a motor vehicle is presumptively responsible for the manner in which it was driven and that the credibility of the owner's denial of permission, even though that testimony is uncontradicted, is exclusively for the jury "when contradiction is impossible and its truthfulness or accuracy is open to reasonable doubt" (Piwowarski, supra, at p 229; *886 see Ferris v Sterling, 214 N.Y. 249, 253; Note, 10 Syracuse L Rev 112).
Those cases have been concerned with section 388 of the Vehicle and Traffic Law, or its predecessors, which impose liability upon an owner for the negligence of a third person in the operation of a vehicle with permission, express or implied, of the owner. One of them, Winnowski v Polito (294 N.Y. 159), involved an owner who double-parked his car on a busy street in Albany, leaving the key in the switch and his 14-year-old son in the car. The son moved into the driver's seat and was ordered by a policeman to move the car into a space at the curb. Attempting to do so, the son struck plaintiffs who were walking on the sidewalk. Plaintiffs recovered judgment which, however, was reversed by the Appellate Division on the ground that the owner's testimony that the son had not been given permission to drive the car, indeed, had been forbidden to do so, was uncontradicted. We reversed (p 162), holding that while formulation of a universally applicable definition of "implied permission" was not easy, "it must be recognized as a basic proposition that when one leaves his motor vehicle in a busy street in such a position that a reasonably prudent person should anticipate that in the event of an emergency or other necessity, it must be moved, it [the statute] imposes upon the owner responsibility for the negligent acts of the person left in charge."
What we consider in the instant case is an even stronger situation than that presented by Winnowski, for in addition to section 388 of the Vehicle and Traffic Law there now exists subdivision (a) of section 1210 of that law requiring removal of keys from the vehicle. Bearing in mind that the purpose of the latter section was to deter theft and protect the public from injury due to operation of motor vehicles by unauthorized persons (Report of Joint Legislative Committee on Motor Vehicle Problems, NY Legis Doc, 1954, No. 36, pp 106-107; see Zegarelli v Colp, 91 Misc 2d 430), I have no difficulty in applying Winnowski's basic proposition to the instant case and concluding, with the dissenters below, that dismissal of the complaint solely on the ground that there was nothing to refute defendant's testimony or for the jury to consider was error.
Nor does the record support the majority's suggestion that plaintiff conceded that the keys were hidden within the meaning of the statute. Plaintiff conceded only that Yackel had so *887 testified but argued that there was an issue of fact. The Trial Judge ruled that: "In this case we have no testimony other than that of Mr. Yackel, and nothing to refute his testimony for the record here or for the Jury to consider", and the Appellate Division dissenters concluded that "Upon the completion of the proof, it was improper under the circumstances for the trial court to dismiss the complaint".
For the foregoing reasons, I would reverse the order of the Appellate Division and grant a new trial.
Order affirmed.