*40 OPINION OF THE COURT
Eli Wager, J.
This court is called to rule on the issue of whether the operator of a vehicle involved in a collision with another vehicle, operated that automobile with the consent of its owner when the operator has done so in violation of explicit instructions by the owner to the contrary.
The essential facts of this action which come to this court on stipulation by the parties are as follows:
For some seven or eight years, defendant Lee has for a fee cleaned the car of defendant Longo. Longo would give Lee the keys to his car so as to allow Lee to clean the interior as well as the exterior of the vehicle. During the entire term of their relationship, the defendants agreed that Lee would only wash the car for Longo in the area of Longo’s business and that Lee was never to operate the vehicle. These instructions were repeated to Lee several times during the eight years he performed this work, as well as on the day in question. At no time during these eight years did Lee violate these instructions. Lee also had similar agreements with other businessmen in the area.
On the day in question, Lee, upon his own initiative, took Longo’s automobile in violation of the above instructions, and was involved in a collision with Mr. and Mrs. Clarke, plaintiffs in this action.
Plaintiffs seek a judgment against defendant Longo in the amount of $17,500, which Longo agrees to pay if it is determined by this court that Lee was operating the vehicle with Longo’s consent.
Vehicle and Traffic Law § 388 (1) states: "Every owner of a vehicle used or operated in this state shall be liable and responsible for death or injuries to person or property resulting from negligence in the use or operation of such vehicle, in the business of such owner or otherwise, by any person using or operating the same with the permission, express or implied, of such owner.”
This section creates the presumption that upon proof of ownership a person operating an automobile who is not the owner of that vehicle, does so with the consent of the vehicle’s owner. This presumption continues until the production of substantial evidence to the contrary (Payne v Payne, 28 NY2d 399; Albouyeh v County of Suffolk, 96 AD2d 543, affd 62 NY2d 681).
*41 The determination of whether the facts of this case as presented provide sufficient evidence to rebut that presumption must be made in light of the relevant case law.
In the case at bar, the operator of the vehicle, Lee, had explicit instructions not to operate Longo’s car. It is quite clear from the facts that Lee understood these instructions as he did not violate them for eight years. It is, therefore, obvious that the instructions by which Lee was to abide were restrictive in nature, and were intended to prohibit Lee’s operation of Longo’s vehicle.
It is well settled in New York that the owner of an automobile will not be held liable for damage caused by a person operating that vehicle without the owner’s permission (Barrett v McNulty, 27 NY2d 928). In Barrett, the Court of Appeals affirmed the decision of the Supreme Court, Appellate Division, Second Department, holding, "[t]here was uncontradicted evidence that the defendant driver did not have express permission to operate the motor vehicle involved in the accident; and there was no competent evidence from which permission or authority could be inferred” (Barrett v McNulty, supra, at p 929).
Another maxim delineated by the case law in New York holds that where the operator of a vehicle has restricted permission to use the owner’s automobile for a specific purpose, any breach of that restriction by the operator exculpates the owner from liability (Moore v Leaseway Transp. Corp., 49 NY2d 720). The Moore court held that a passenger who was permitted to ride in a tractor trailer with the permission of the driver, had no cause of action as to the owner of the tractor trailer as it was determined that the driver breached instructions by the owner forbidding passengers from riding in the vehicle.
In a very similar case, this doctrine was again affirmed, when it was ascertained that the driver of a truck violated the express instructions of his employer prohibiting passengers from riding in company vehicles. Again, the owner of the truck was absolved from liability (Capalario v Murray, 52 AD2d 1037).
Evidence used to rebut the presumption of permissive use given considerable weight in Capalario (52 AD2d 1037, supra), consisted of testimony by the driver "in which [he] admitted knowledge of the regulation, but stated that [he and plaintiff] were riding together anyway” (p 1038).
*42 An identical disregard of the owner’s instruction can be seen in the instant case, as it was stipulated by the parties to this action that Lee had knowledge of the fact that he was not to operate Longo’s automobile.
In Morris v Palmier Oil Co. (94 AD2d 911), a worker for defendant oil company was entrusted with a company van on a 24-hour-per-day basis as he was on emergency call duty. He was, however, instructed not to use the van for personal reasons, nor to allow third parties to use the van. When the worker’s brother was involved in an accident with the van, the owner was permitted to escape liability, as the evidence of these instructions was sufficient to rebut the presumption of permissive use.
In the cases cited above, the drivers had the permission of the owners to use the vehicles, however, they were restricted in their use of the same vehicles in one way or another. The facts of the instant case clearly show that the restriction put on Lee was far more stringent.
It, therefore, logically follows that if the owners in the cases cited were held not to be liable by offering proof of the limited restriction placed on their drivers, defendant Longo, in the instant case with his very stringent restriction, coupled with Lee’s blatant disregard thereof, should not have any liability imputed to him due to the negligence of Lee. This evidence standing uncontradicted is sufficient to rebut the presumption of permissive use.
Plaintiff argues, however, that Lee had the permission of Longo by virtue of the fact that he provided Lee with access to his vehicle. In support of this contention, plaintiff cites Winnowski v Polito (294 NY 159) where the owner of a car and his wife left their 14-year-old son in the car alone while it was double parked with the engine running, and the drive gear engaged, so they could pick up something in the store. While in the store, a police officer directed the child to move the vehicle to the curb. The child reluctantly complied with the order of the officer, and released the brake which held the car stationary. This caused the car to jump the curb and strike two pedestrians. The boy’s parents testified that the boy was constantly reminded that he was forbidden from operating the car, however, the basis of the decision turned on the negligence of the owner, and not whether the testimony was sufficient to rebut the presumption of implied consent. In so holding, the Court of Appeals stated: "While it is not easy to *43 formulate a universally applicable definition as to the meaning of implied permission mentioned in the statute, it must be recognized as a basic proposition that when one leaves his motor vehicle in a busy street in such a position that a reasonably prudent person should anticipate that in the event of an emergency or other necessity, it must be moved, it imposes upon the owner responsibility for the negligent acts of the person left in charge” (294 NY, at p 162).
Winnowski (supra), therefore, stands for the proposition that the negligence of the owner will supersede the breach of instructions by the operator when the owner’s negligence is the proximate cause of the injury.
Plaintiff attempts further to bring this case within Winnow-ski (supra) by arguing that Longo, regardless of his instructions, entrusted the car to Lee by virtue of the fact that Lee was permitted to have the keys to the car. This contention must fail as the keys were provided only to allow Lee to enter the car in order to clean its interior. In Winnowski (supra), a boy was entrusted with a running vehicle which had the drive gear engaged. Longo’s conduct in providing Lee with the keys is reasonable since he had an eight-year course of dealing with Lee on which to rely. The arrangement was similar to agreements Lee had with other businessmen in the area.
Plaintiff also attempts to equate the facts of this case with those controlling in Carter v Travelers Ins. Co. (113 AD2d 178 [1st Dept]). In Carter the owner of an automobile was held liable for the negligence of a parking lot attendant. After being allowed by the owner to enter the running vehicle, the attendant who was unlicensed and ignorant as to the operation of a "stick shift” car, caused the car to strike another attendant. The owner was unsuccessful in arguing that he would not have allowed the attendant into the car had he known he was an unlicensed driver, unfamiliar with "stick shift” automobiles. In rejecting this contention, Justice Sullivan wrote: "If liability could be avoided by such testimony as Dr. Goldstein’s, that fiction, i.e., the presumption of permissive use, would soon be completely subverted, since an owner could always assert some unexpressed but assumed limitation on his consent.” (113 AD2d, at p 182.)
The fear of an owner concocting some unexpressed limitation on his consent prevented by Justice Sullivan in Carter (supra), is not a danger present in the case at bar. The conceded facts clearly show that Longo is in no way offering *44 false testimony as to the limitation on his consent. This is a fact which Lee has admitted. It is a fact which is consistent with the agreements Lee has with other businessmen in the vicinity.
Arguing further, plaintiff relies on the public policy issue of providing the injured party with a solvent defendant, as articulated by Justice Sullivan in Carter (supra).
The policy issue presented at bar is whether a prudent owner of an automobile should be required to compensate the injured party irrespective of negligence. In view of the cited statute and the relevant case law, it is clear that it is the public policy in New York to relieve the owner of an automobile of liability, when he has taken every precaution to see that his vehicle is properly used, and injury is caused by a party who violates that owner’s prudent instructions.
Accordingly, the complaint as to defendant Longo is, therefore, dismissed.