FLORENCE MARCELLUS CLARKE, Respondent, v. MASON AU and MAGENHEIMER CONFECTIONERY MANUFACTURING COMPANY, Appellant, and LILLIAN McTIGERT, Defendant.*— Judgment affirmed, with costs. The jury may properly have found that appellant had given its salesman full and complete control of its car, thus making him " the master of the ship " (Grant v. Knepper, 245 N. Y. 158), even to the extent of permitting a third person to use the car. The car was thus used with the implied permission of appellant, and for the negligent acts of the third person appellant is responsible. (Vehicle & Traffic Law, § 59; Bennett v. Nazzaro, 144 Misc. 450; affd., 237 App. Div. 866.) Lazansky, P. J., Hagarty and Davis, JJ., concur; Young and Tompkins, JJ., dissent and vote to reverse and for a dismissal of the complaint on the ground that at the time of the accident the automobile was not being used with the permission, express or implied, of the appellant owner. (Grant v. Knepper, supra; Arcara v. Moresse, 258 N. Y. 211.)

EDNA COAKLEY, an Infant, by WILLIAM R. COAKLEY, Her Guardian ad Litem, Appellant, v. WILLARD E. WHEELOCK, Improperly Sued Herein as WILLIAM E. WHEELOCK, Respondent. WILLIAM R. COAKLEY, Appellant, v. WILLARD E. WHEELOCK, Improperly Sued Herein as WILLIAM E. WHEELOCK, Respondent. — Order granting motion to dismiss for lack of prosecution reversed upon the law and the facts, without costs, and motion denied, without costs, upon the ground that the discretion was not wisely exercised upon this record. In view of the foregoing decision the appeal from the order dated September 27, 1932, is dismissed, without costs. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

HARRY L. COHEN, INC., a Dissolved Corporation, by HARRY L. COHEN and SAMUEL D. MILLER, as Trustees for the Benefit of the Creditors and Stockholders of the Dissolved Corporation, Appellant, v. PEOPLES NATIONAL BANK OF BROOKLYN, Respondent.— Judgment reversed on the law and a new trial granted, with costs to abide the event. There was a question of fact as to whether the authorization of the plaintiff's employee, Brown, permitted him to indorse and negotiate the checks in suit. As the testimony stands, the authorization was restricted and the indorsements were forgeries with resulting conversion of the proceeds. (Neg. Inst. Law, § 41; Standard S. S. Co. v. Corn Exchange Bank, 220 N. Y. 478; Whiting v. Hudson Trust Co., 234 id. 394, 405; Wen Kroy R. Co. v. Public Nat. Bank & T. Co., 260 id. 84.) The testimony as to authorization came from interested witnesses; and that, together with the lapse of time in which the corporation and its officers were quiescent and with other circumstances, makes the question one of fact. The defenses of negligence and of collusion between the officers of the plaintiff and its employee, Brown, present questions of fact. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK on Complaint of ESTHER LARSEN, Appellant, v. JOHN SHARKEY, Respondent.— Order of the Court of Special Sessions of the City of New York, Borough of Richmond, reversed as against the evidence and a new trial ordered in said court. Lazansky, P. J., Young, Kapper, Carswell and Davis, JJ.. concur.