THOMAS A. McKENNELL, Respondent, v. WEBSTER F. SCHMALING, Appellant.— Order denying defendant's motion to dismiss the complaint and to cancel a so-called *lis pendens* theretofore filed, affirmed, with ten dollars costs and disbursements, with leave to the defendant to answer within ten days from the entry of the order. No opinion. Lazansky, P. J., Young, Carswell, Davis and Johnston, JJ., concur.

MICHAEL NEE, as Administrator, etc., of MICHAEL NEE, JR., Deceased, Respondent, v. MATTHIAS SLOBODA, Appellant.— Judgment in favor of plaintiff for $5,841.90 damages and costs, because of the death of his sixteen-year old son, a passenger in an automobile driven by defendant's nineteen-year old son, with defendant's permission, affirmed, with costs. No opinion. Lazansky, P. J., Hagarty, Scudder and Davis, JJ., concur; Tompkins, J., dissents and votes for reversal and a dismissal of the complaint on the ground that the presumption of permission arising from the fact of possession and operation was overcome by the testimony of the defendant and his son that the use of the car by the son was expressly limited to the dance at the high school, and that the son, in driving the car to New York city and from there to a place in Orange county, remote from the father's home and the high school, far exceeded the limits within which the defendant had given permission for the use of the car.

DOLORES ROLES, an Infant, by NORMA ROLES, Her Guardian ad Litem, and Another, Respondents, v. JOHN A. SCHWARZ, INC., and Another, Appellants.— Action by the infant plaintiff to recover damages for personal injuries and by her father to recover for loss of services and expenses. Judgment for plaintiffs reversed on the law and a new trial granted, costs to abide the event. The accident happened within the city of New York. In our opinion, it was prejudicial error for the court to leave to the jury the question of the applicability of sections 81, 85 and 86 of the Vehicle and Traffic Law of the State, applied to this case, to charge that a violation of those sections " is negligence *per se* if the violation of that statute contributed toward the happening of the accident " and to charge, " However gentlemen, where we violate the statute of the State of New York as expressed in this Vehicle and Traffic Law and we have no explanation or excuse for so doing, the law says that is negligence." A violation of the traffic regulations of the police department of the city of New York, which did apply to this case, is not negligence *per se*, but may be considered only as some evidence of negligence in connection with the other facts and circumstances of the accident. Lazansky, P. J., Hagarty, Scudder, Tompkins and Davis, JJ., concur.