Winifred D. Jackson, as Administratrix of the Estate of James L. Jackson, Deceased, Appellant, *v.* Brown & Kleinhenz, Inc., et al., Defendants, and Forbes Motor Agency, Inc., Respondent.

Argued January 12, 1937; decided March 16, 1937.

*William J. Flynn* and *Harold J. Tillou* for appellant. The verdict against the defendant-respondent is amply supported by the evidence. (*Zuckerman* v. *Parton,* 260 N. Y. 446; *Plaumbo* v. *Ryan,* 213 App. Div. 517; *Jorgensen* v. *Jaeger,* 257 N. Y. 171; *Ramsey* v. *N.Y. C. R. R. Co.,*

269 N. Y. 219; *Shuba* v. *Greendonner*, 271 N. Y. 189; *Ridgely* v. *Taylor & Co.*, 126 App. Div. 303.)

*Frank Gibbons* and *James F. Kelly* for respondent. Under the agreement between defendant-respondent and Brown & Kleinhenz, Inc., the latter became bailee of the property for the particular purpose of demonstrating it to prospective purchasers. When that defendant used it for any other purpose the act constituted a conversion of the property and rendered the bailee responsible for whatever damage occurred to it during the period of conversion. (*Buchanan* v. *Smith*, 10 Hun, 474; *Collins* v. *Bennett*, 46 N. Y. 490; *Pease* v. *Smith*, 61 N. Y. 477.) The act of conversion forbade any finding of fact to the effect that the use of the car, during such period of conversion, was consented to. (*Hammer* v. *Wilsey*, 17 Wend. 91; *Ball* v. *Liney*, 48 N. Y. 6; *Ford* v. *Williams*, 24 N. Y. 359; *Kerr* v. *Mount*, 28 N. Y. 659.)

HUBBS, J. Plaintiff's intestate was struck and killed by an automobile driven by the defendant Juan Lord. The automobile was owned by the respondent Forbes Motor Agency, Inc., of Olean, New York. Several months before the accident it was taken by the defendant Brown & Kleinhenz, Inc., of Nunda, New York, several miles distant from Olean, for the purpose of effecting a sale. The sale was not made, but it remained in the possession of Brown & Kleinhenz, Inc. There was testimony from which the jury might have found that Brown & Kleinhenz, Inc., had purchased it, that being the contention of respondent, but the finding of the jury that title remained in respondent is supported by evidence and is not in question on this appeal. The questions here involved are whether the defendant Juan Lord at the time of the accident was driving the car with the consent, express or implied, of the defendant Brown & Kleinhenz, Inc., and, if so, whether the defendant Brown & Kleinhenz, Inc., had such right to use the car; that

from the consent given by Brown & Kleinhenz, Inc., to Lord the jury might properly find an implied consent on the part of respondent.

The jury so found and the judgment entered upon such finding has been reversed by the Appellate Division upon the ground that the permission given by Brown & Kleinhenz, Inc., was limited to use of the car for a specific purpose, which permission was violated by Lord and upon the further ground that Brown & Kleinhenz, Inc., was not the agent of respondent and that consent of the respondent as owner to the use of the car by Lord could not be implied from the facts proven.

We believe the Appellate Division has erred by adopting a view too narrow in the circumstances of the case and that a question of fact was presented upon both issues as to which the finding of the jury should not have been disturbed as a matter of law.

That the consent given to Lord by Brown & Kleinhenz, Inc., was of a general nature, not restricted to use of the car to go to " the show," is fairly supported by the evidence. Before the trial, Kleinhenz made a statement to the effect that Lord, on requesting permission to use the car on the night in question, " didn't say where he was going," also that " It was agreed between Mr. Brown and myself that Juan Lord, one of our employees, could drive this car back and forth to his home in Hunts. He had our permission to drive it on Sunday, December 31, and, while he didn't tell us where he was going to use it, we felt that wherever he wanted to drive it it was all right, as he was a very careful driver. He never made any mention of wanting to purchase it.

On the trial both the making of the statement and its truth were admitted by Kleinhenz although on the trial he claimed Brown, his associate, gave the permission and Lord testified he asked to take a car to go " to the show with " but did not specify where. It appears that he had been given permission to use a car on previous occa-

sions when he took it at night and brought it back in the morning. Moreover, on this particular occasion at eight-thirty or nine o'clock in the evening, Kleinhenz saw the car on the street in Nunda. In these circumstances, we believe a clear question of fact was presented. A similar question was presented in *Nee* v. *Sloboda* (244 App. Div. 729; affd., 270 N. Y. 571), where permission was given to defendant's son to use the car to go to a " dance at the high school " and he used it to drive to New York city and from there to a place in Orange county, remote from the school and the defendant's house.

Nor can it be said under all the facts that there was not some evidence to support the finding of the jury that the control of the car as given by respondent to defendant Brown & Kleinhenz, Inc., was of such a nature as to constitute implied consent that it be used in the circumstances in which it was used by Lord. Throughout the trial, the respondent sought to sustain its contention that defendant Brown & Kleinhenz, Inc., was the owner of the car. While the original bailment was for a specific purpose and while the jury might have found that, as stated by the court below, the car was kept by defendant Brown & Kleinhenz, Inc., in the hope that it might be sold, respondent, in view of its contention that it understood there was a sale to Brown & Kleinhenz, Inc., and in view of the testimony that Forbes put no restrictions on its use, and despite the length of time it was retained by Brown & Kleinhenz, Inc., made no effort to find out who was using it, cannot now contend that the permission given was limited by the terms of the original bailment.

Particularly is this true in view of the further testimony by Forbes that he knew that dealers permitted their own cars to be used by employees for personal business. Although contending the car in question was the property of Brown & Kleinhenz, Inc., such an admission on his part is inconsistent with a claim that he had no belief

that the particular car might be so used by an employee of Brown & Kleinhenz, Inc.

While the purpose and effect of section 59 of the Vehicle and Traffic Law (Cons. Laws, ch. 71) must be confined to those cases which fairly fall within the scope of its language, still, as to such cases, it must be given a construction which will result in a fulfillment of the purpose for which it was enacted, namely, to make the owner liable for negligence where the automobile is used " in the business of such owner or otherwise, by any person legally using or operating the same with the permission, express or implied, of such owner."

The entire control of the car was given to Brown & Kleinhenz, Inc. It being a corporation could not drive the car. The owner must have expected it would be driven by some person, officer, agent or employee of the bailee, and, under such conditions, as its officers might impose. Respondent having thus relinquished its immediate control over the automobile and having vested the control in another without limitation of authority, must not now be heard to question the finding that the consent given by Brown & Kleinhenz, Inc., to Lord was impliedly its consent.

The Appellate Division, having reversed on the law only, is assumed to have affirmed as to the facts.

The judgment of the Appellate Division should be reversed and that the Trial Term affirmed, with costs in this court and in the Appellate Division.

LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., LEHMAN and O'BRIEN, JJ., dissent.

Judgment accordingly.