WILLARD ADAMS, Appellant-Respondent, *v.* STATE OF NEW YORK, Respondent-Appellant. (Claim No. 27117.)

Third Department, June 29, 1945.

*Woollard & Morris,* attorneys (*Ernest B. Morris* and *Edward G. Dillon* of counsel), for claimant-appellant and respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Harold Coyne* and *Kenneth J. Dugan* of counsel), for defendant-respondent and appellant.

*Per Curiam.* Appeal by the State from a judgment of the Court of Claims for damage for personal injuries sustained by claimant through being struck on August 23, 1941, by a State-owned automobile operated by one Vittucci, employed by the State Department of Agriculture and Markets in the Bureau of Food Control, who was proceeding from Albany to his home at Utica. Claimant files a cross appeal attacking the judgment for inadequacy. The matter has been before this court earlier upon an appeal by claimant from an order dismissing the claim. (*Adams* v. *State of New York,* 264 App. Div. 978.) This was reversed, the memorandum stating: " Section 12-a of the Court of Claims Act places the State in the same position under section 59 of the Vehicle and Traffic Law as an individual or a private corporation." Vittucci had been in the employ of the State for a time prior to the accident and had been furnished with a car. During the week he had worked in the city of New York and on Saturday morning had driven the car to Albany, and after reporting at headquarters said that he was driving the State car to Utica and would return to Albany on the following Monday. To this his superior made no objection. On previous occasions after he had completed his week's work he had driven the car to his home in Utica. The accident happened while he was enroute from Albany to Utica.

The State by waiver has consented to have its liability determined " in accordance with the same rules of law as

applied to actions in the supreme court against individuals or corporations '' (Court of Claims Act, § 8, formerly § 12-a). It had determined that the work in which Vittucci was engaged would be more efficiently done if he was provided with an automobile. He could be assigned to work in any part of the State (Agriculture and Markets Law, § 20); he resided near the center, at Utica. His employment began when he left his home and continued until he returned. He was entitled to expenses when away from Albany. (Agriculture and Markets Law, § 13.)

The State was liable for damages resulting from negligence in the operation of this automobile in the business of the State '' or otherwise, by any person legally using or operating the same with permission, express or implied '' (Vehicle and Traffic Law, § 59). The liability of an owner under the last-mentioned section has been considered frequently by the courts. (*Nee* v. *Sloboda,* 244 App. Div. 729, affd. 270 N. Y. 571; *Jackson* v. *Brown & Kleinhenz, Inc.,* 273 N. Y. 365; *Barber* v. *Jewel Tea Co. Inc.,* 252 App. Div. 362, affd. 278 N. Y. 540.)

The evidence sustains the finding of negligence. Vittucci was driving at a speed of about fifty or sixty miles an hour and struck claimant where there was more than thirty feet of paved highway available to pass, and at the end of about half a mile of uninterrupted view. Claimant received serious physical and mental injuries. He was forty-one years of age and had the rating in the United States Navy of machinist's mate, naval aviation, second class, and had been placed in charge of as many as twenty-five men. The evidence sustains the Court of Claims' finding that he now has a mental age of nine years without ability to concentrate, and that this condition doubtless will continue for the balance of his life; that prior to the injury he had earned thirty dollars a week during the entire year. Loss of wages amounting to $9,500, actual expenses of $1,577.70 for doctors, hospitalization and the like, and general damages of $18,000 were awarded. The first two items should be affirmed, and the latter increased to the sum of $30,500 making the total judgment $41,577.70.

HILL, P. J., BREWSTER, FOSTER and LAWRENCE, JJ., concur; HEFFERNAN, J., concurs in the following memorandum: I concur in the modification and in the opinion herein except as to the amount of damages. In my judgment the amount found by the Court of Claims should be increased to $86,077.70.

Judgment of the Court of Claims modified by increasing it from $29,077.70 to $41,577.70 and as so modified affirmed, with costs.

All of the findings made by the Court of Claims are affirmed except number 28 in the decision, which is reversed, and a new finding made as follows: That as the result of pain and suffering heretofore and hereafter to be sustained and disability, claimant has suffered damage of $30,500. Conclusion of law numbered III is disapproved, and in place thereof a new conclusion of law is made to read, that claimant is entitled to an award herein against the State of New York in the sum of $41,577.70.