FIRST DEPARTMENT, MARCH, 1963

(March 5, 1963)

■ DOROTHY R. BRINDLEY et al., Respondents, v. ISTAV KRIZSAN et al., Appellants, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Respondent.

MEMORANDUM BY THE COURT. Judgment herein in all respects affirmed, on the facts and the law, with costs to defendant-respondent as against appellants. Proof of ownership of a vehicle creates a presumption that the driver was using the vehicle with the owner's permission, express or implied. This presumption is rebuttable but, even in the case of substantial evidence to the contrary, the question of consent and authority is ordinarily one of fact. (*Leotta* v. *Plessinger*, 8 N Y 2d 449, 461, and cases cited; see, also, *May* v. *Heiney*, 12 N Y 2d 683.) Here, there is support for the finding of the trial court that the owner vested his friend Zsombok with general control of the car without limitation of authority. Under these circumstances, a driver to whom Zsombok loaned the car was properly found to be driving it with the implied consent of the owner (*May* v. *Heiney, supra*; *Jackson* v. *Brown & Kleinhenz*, 273 N. Y. 365), and the fact that such driver was unlicensed does not affect the statutory responsibility of the owner (*Grant* v. *Knepper*, 245 N. Y. 158; *Aarons* v. *Standard Varnish Works*, 163 Misc. 84, 89, affd. 254 App. Div. 560).

STEUER, J. (dissenting). The issue in this action for a declaratory judgment is which of the two defendants will be required to meet and defend plaintiff's claim. Plaintiff alleges injuries resulting from being struck by an automobile owned by defendant Krizsan and insured by defendant United States Fidelity & Guaranty Company. These defendants claim that at the time of the accident the automobile was being operated by an unauthorized person. If that is the fact, plaintiff cannot proceed to a successful conclusion against the insured but may against the other defendant, MVAIC. So much is conceded by all parties.

The facts regarding the use of the car at the time as found by the trial court are amply sustained by the testimony. The only question is the legal conclusion to be drawn from those facts. Krizsan, the owner, had a friend named Zsombok. Zsombok asked permission to use the car to go to a Christmas party. Permission was granted and the only material remark made by the lender at the time was a request that Zsombok get back early. At the party Zsombok loaned the car to one A'Hearn so that the latter could take a young lady home from the party. A'Hearn was not licensed to drive and it was while he was driving that the accident occurred. The question is whether the permission to Zsombok carried with it permission to lend to another. If it did, Special Term was undoubtedly correct in finding that the fact that he loaned the car to an unlicensed driver does not affect the result (*Aarons* v. *Standard Varnish Works*, 163 Misc. 84, affd. 254 App. Div. 560).

The general rule of law that is applicable is not in dispute. A general loan of a car carries with it the permission to allow others to drive it. A restricted loan does not. Special Term took the position that unless permission is hedged about with specific restrictions the permission is general. I do not believe that to be the law. Of course, the effort is to find the intent of the parties, but this is so seldom expressed that a presumed intent (subject to correction by specific proof) gathered from their conduct becomes the standard of determination. It appears that Zsombok had driven the car on several prior occasions but these had been limited to when he was accommodating the owner by acting as chauffeur for his wife, or when Zsombok was allowed to take it at night to drive himself home, returning it the following morning.

A permission for general use, including the right to lend to others, has always been held to arise from a situation where an employee is given the general use of a car by his employer (*Clarke* v. *Mason Au and Magenheimer Confectionery Mfg. Co.*, 264 N. Y. 661) or where a parent gives his child the general use of the car (*Bennett* v. *Nazzaro*, 144 Misc. 450, affd. 237 App. Div. 866; *Taylor*

v. *Yukoweic*, 273 App. Div. 915). It is not the relationship that determines the type of permission but that these relationships are most frequently found where the permission is to use the car at will and without the necessity for express permission for each separate use. The same conclusion has been drawn from a protracted lending (*Jackson* v. *Brown & Kleinhenz*, 273 N. Y. 365) or possession by the borrower for long periods (*Woodland* v. *Cote*, 252 App. Div. 254). Attention has not been directed to any decision wherein it was held that a loan for a specific purpose to be carried out within a limited period carried with it the right to lend to others; nor, unless the loan was one of a long series of lendings (*Piwowarski* v. *Cornwell*, 273 N. Y. 226) is it sufficient to draw an inference that such was the intention.

The judgment should be vacated on the law and the facts and judgment declared in favor of plaintiff against Motor Vehicle Accident Indemnification Corporation.

Rabin, J. P., Stevens, Eager and Bastow, JJ., concur in Memorandum by the Court; Steuer, J., dissents in opinion.

Judgment herein in all respects affirmed, on the facts and the law, with costs to defendant-respondent as against appellants.