■ DIANE G. COMSTOCK, an Infant. by Her Guardian ad Litem, PHILIP E. COMSTOCK, et al., Respondents-Appellants, v. LYMAN A. BEEMAN, JR., Respondent-Appellant, JOHN J. HOWE, Respondent, and MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Intervenor.— HAMM, J. Appeal by the defendant Beeman from a judgment entered on verdicts of a jury in favor of the plaintiffs and from denial of his motions to set aside the verdicts and to dismiss the complaint, the plaintiffs also appeal but on the sole ground of inadequacy. The defendant Howe has not appealed. The plaintiff Diane Comstock sustained injuries while a passenger in an automobile owned by the defendant Beeman and operated by the defendant Howe. Negligence, contributory negligence and proximate causation presented issues for resolution by the jury and require no discussion. The issue is implied permission of the defendant operator to drive the automobile of the defendant owner. The defendant Beeman and Mrs. Beeman, his wife, were residing at a Summer home with their four children. Their oldest daughter, who was 18 at the time, invited several friends to a party at her parents' home. The possibility of attending a dance at the country club after a buffet dinner was discussed, but this project was abandoned after the arrival of the guests. A turkey and other food were provided by the Beemans. The plaintiff Diane Comstock pursuant to Mrs. Beeman's request made to her father brought with her two bottles of spirits. At about 6 o'clock in the evening the defendant John Howe, the plaintiff Diane and two other guests arrived in an automobile driven by one of the two other guests and owned by the driver's father. The car remained on the premises throughout the evening. Before dinner the guests were served gin and tonic by Mr. and Mrs. Beeman, who then left at about 7 o'clock for the country club, leaving their daughter Alexandria, their three younger children, who were not connected with the party, and their daughter's four guests. About a half hour later three other expected guests arrived in an automobile

which also remained on the premises. One of these guests brought some beer. The defendant Beeman testified, however, that there was beer in the refrigerator and that a kitchen closet contained liquor including also the two bottles brought by the plaintiff. All the members of the party were under the age of 21. Alexandria, 18 years of age, was the oldest member of the Beeman family present after her parents had left. There is testimony that she was "in charge" of the party. She had a learner's permit but had not yet obtained an operator's license. The defendant John Howe, the driver of the Beeman automobile at the time of the accident, had attended school with Alexandria beginning with grade school. He and Alexandria lived on adjacent streets and the Beemans were acquainted with him because of his frequent visits to their home. The defendant Beeman testified that Mrs. Beeman had equal authority with him to permit use of his automobiles; John lacked express permission to operate the Volkswagen but the Beemans left no instructions against operation. John had been given permission to use a Beeman automobile on prior occasions. On one occasion John and Alexandria obtained from Mrs. Beeman permission to use a Jeep to buy some groceries. On another occasion Mrs. Beeman permitted Alexandria, who at the time had only a learner's permit, to use the family station wagon and John, who had a driver's license, to accompany her. On a third occasion John drove the station wagon to a grocery store. On the second occasion mentioned John also drove the Volkswagen and without express consent; to use the station wagon he removed the Volkswagen from the garage and, after Alexandria had driven the station wagon out, returned the Volkswagen to the garage. When the Beemans left for the country club a Volkswagen owned by the defendant Beeman was in front of their home with the key in the ignition switch. There was testimony to the following effect, all of which the jury was entitled to accept. Shortly after midnight John and Diane came upon the Volkswagen and John stopped and suggested that they go for a ride. John entered the car and started the motor when he heard Alexandria call his name from the house. Leaving the motor running he approached the house and had a conversation with Alexandria, who was at a second-story window. Diane at this time was standing next to the Volkswagen. John stated they were going for a ride and said good-by and Alexandria, in reply, also said "good by". John did not state specifically that they were going for a ride in the Volkswagen, however the jury could infer from his having started the motor prior to a summons from Alexandria and from the attendant circumstances that Alexandria knew that such was his intention. Moreover, the burden of going forward to rebut the presumption of implied permission was on the defendant owner after ownership had been established. Although there was no express permission, no one had been forbidden to use the Volkswagen. On all the evidence and in all the circumstances attendant on the unchaperoned party a jury could find that permission to use the automobile was implied for any purpose that would promote the activities of the party. In summary, from the record as a whole, in our opinion, the statutory presumption of implied permission to drive the automobile was not overcome as a matter of law and a factual issue was presented which the court properly submitted to the jury. As to the plaintiffs' appeal on the ground of inadequacy, the jury awarded $3,000 to Diane's father in his derivative action and $10,000 to Diane for personal injuries. The medical and hospital expenses incurred as a result of the accident approximated $2,900. While the verdict in favor of Diane is arguably low, we find neither verdict so disproportionate to the evidence as to require reversal. Judgment affirmed, with costs to plaintiffs against defendant Beeman. Gibson, P. J., Taylor and Aulisi, JJ., concur; Reynolds, J., dissents in a memorandum: I dissent and

vote to reverse the judgment on the law, and dismiss the complaint as to the defendant Beeman. In my view there is no evidence in the record of implied permission to use the vehicle involved.