■ Anna Lovetere et al., Respondents, v. Thomas Stackhouse, Appellant.— Order entered on June 10, 1965, granting plaintiffs' motion for summary judgment and directing assessment of damages, unanimously affirmed, with $50 costs and disbursements to respondents. We need discuss only the

position of defendant Stackhouse under section 388 of the Vehicle and Traffic Law, as the evidence of negligence and lack of contributory negligence is irresistible. Stackhouse is a resident of Ontario. The vehicle at fault had been brought into New York from Ontario by Stackhouse's son, and with the son's consent was being used here by defendant La Manna, a relative, when the accident occurred. That Stackhouse owned the vehicle is admitted, and in consequence a presumption arose that La Manna was using it with Stackhouse's permission, express or implied (*Brindley* v. *Krizsan*, 18 A D 2d 971, affd. 13 N Y 2d 976). As the cited case states, the presumption is rebuttable, but Stackhouse filed no opposing affidavit at all although given additional time by the court to do so. The presumption, accordingly, is controlling against him (see *Leotta* v. *Plessinger*, 8 N Y 2d 449, 461). It is argued that under Ontario law it would be held on the present record that Stackhouse had not permitted a subbailment by his son to La Manna. However that may be, the record convincingly shows, nor is the contrary argued, that Stackhouse authorized his son to take the vehicle into this State. As was said with reference to an earlier version of section 388, if the foreign owner "permits his car to be operated in New York state, he subjects himself to the laws of that state touching such operation" (*Masci* v. *Young*, 109 N. J. L. 453, 456, affd. 289 U. S. 253; and, see, *Scheer* v. *Rockne Motors Corp.*, 68 F. 2d 942, 944–945; *Cherwien* v. *Geiter*, 272 N. Y. 165, 169). Concur — Botein, P. J., McNally, Stevens and Bastow, JJ.