■ In the Matter of EAGLE INSURANCE COMPANY, Respondent, v JOSEPH LUCIA, Respondent, TATYANA NUSENBAUM et al., Respondents-Appellants, and A.L. CUADRADO, III, et al., Intervenors-Respondents. [824 NYS2d 9]—

Order, Supreme Court, Bronx County (George D. Salerno, J.), entered on or about February 2, 2005, which vacated a prior order denying the petition to stay arbitration and granted the petition, unanimously modified, on the law, to vacate the granting of the petition, and the matter remanded for a new framed issue hearing to determine whether proposed additional respondent Tatyana Nusenbaum gave express or implied consent to the operation of her motor vehicle by intervenor-respondent A.L. Cuadrado, III, so as to render Nusenbaum vicariously liable for Cuadrado's alleged negligent operation of the vehicle under Vehicle and Traffic Law § 388, and otherwise affirmed, without costs.

On December 11, 2001, a collision occurred between a car operated by respondent Joseph Lucia and a car operated by

intervenor-respondent A.L. Cuadrado, III. Lucia, who was injured in the accident, made a claim for uninsured motorist benefits under the policy insuring the car he had been driving, issued by petitioner Eagle Insurance Company. Eagle commenced this proceeding to stay arbitration of Lucia's claim, contending that the car driven by Cuadrado, which was owned by proposed additional respondent Tatyana Nusenbaum, had insurance. Nusenbaum and her insurer then appeared in this proceeding, contending that, because Cuadrado had been driving Nusenbaum's car without Nusenbaum's knowledge or consent, Nusenbaum could not be held liable for Cuadrado's allegedly negligent driving, and Lucia was not entitled to any coverage under her policy.

At the direction of the court, a framed issue hearing was held to determine whether Nusenbaum was subject to any liability for damages arising from Cuadrado's use of her vehicle in the subject accident. The only witnesses who testified at the hearing were Nusenbaum and her teenaged daughter, Anna. Nusenbaum testified that, on the day of the accident, she had given Anna permission to use the car to go to a play rehearsal at a high school, but had specifically told Anna that she was not to allow anyone else to drive the car. Anna testified that she understood that her mother was allowing her to use the car on the condition that she not let anyone else drive it. Anna further testified that she had given the car keys to a friend, Isabel Santiago, not to drive it, but so that Isabel (whom Anna had driven to the school) could retrieve some books and listen to music in the car. Later that day, the car was involved in the accident while being driven by Isabel's boyfriend, Cuadrado. Isabel was a passenger in the car when the accident occurred. Based on the evidence received at the framed issue hearing, the court rendered a decision, entered May 11, 2004, holding that, because neither Nusenbaum nor Anna had consented to Cuadrado's use of the car, "the Nusenbaum's [*sic*] are exonerated from any liability arising from the use of the Nusenbaum vehicle by [Cuadrado]."

In August 2004, Cuadrado (who apparently had not previously been made a party to this proceeding) appeared and moved to vacate the court's May 2004 order and to hold a new framed issue hearing on the issue of whether Nusenbaum and her insurer were subject to liability in this matter. In support of the application, Cuadrado submitted affidavits by himself, Isabel Santiago, and two other friends, which asserted that Anna Nusenbaum had given Cuadrado permission to drive the subject automobile on the day of the accident, and that she had given

Cuadrado permission to drive the car on prior occasions. Lucia, the driver of the other vehicle, supported Cuadrado's application. Nusenbaum and her insurer opposed, arguing that, whether or not Anna Nusenbaum had consented to Cuadrado's operation of the car, it was uncontroverted that Nusenbaum herself, the sole owner of the car, had instructed her daughter not to permit others to drive it.

In the order appealed from, the motion court granted Cuadrado's request to vacate its May 2004 order. Instead of directing that a new framed issue hearing be held, however, the court went beyond the relief Cuadrado requested and found that "the Nusenbaum vehicle was driven on the day of the accident with the owner's permission." On this basis, the court granted the petition to stay arbitration. We now modify to vacate the granting of the petition, and to remand for a new framed issue hearing.

It is undisputed that Nusenbaum and her insurer can be held to account for Cuadrado's negligent operation of Nusenbaum's car only if it is found that Nusenbaum, in entrusting the car to her daughter Anna, did not instruct Anna not to permit others to drive the vehicle. If Nusenbaum did not give such instructions, and instead placed the car under Anna's unrestricted control, Nusenbaum's implied consent to the use of the vehicle may be found to extend to any third person whom Anna allowed to drive it (*see Bernard v Mumuni*, 22 AD3d 186, 188-189 [2005], *affd* 6 NY3d 881 [2006], and cases there cited). We acknowledge, of course, that the testimony by Nusenbaum and Anna that Nusenbaum told Anna not to let anyone else drive the car is not specifically contradicted by the affidavits in support of Cuadrado's application. Contrary to Nusenbaum's contentions, however, the lack of evidence to contradict such testimony is not the end of the matter.

The Court of Appeals has recently reaffirmed the rule that, if evidence negating consent to the operation of a vehicle "may reasonably be disregarded" by the factfinder "because of improbability, interest of the witnesses or other weakness," the determination of the "weight [of such evidence] lies with the [factfinder]" (*Country-Wide Ins. Co. v National R.R. Passenger Corp.*, 6 NY3d 172, 177 [2006], quoting *St. Andrassy v Mooney*, 262 NY 368, 372 [1933]). Thus, "[w]here the disavowals [of consent] are arguably suspect, as where there is evidence suggesting implausibility, collusion or implied permission, the issue of consent should go to a [factfinder]" (*Country-Wide*, 6 NY3d at 178). Here, the obviously self-interested testimony by Nusenbaum and Anna that Nusenbaum told her daughter not

to let others drive the car plainly raises credibility issues that should be resolved in fact-finding proceedings (*see Schrader v Carney*, 180 AD2d 200, 210 [1992]). Thus, the motion court was correct to the extent it found that credibility of the Nusenbaums' testimony would have to be weighed against the testimony of Cuadrado, Santiago and two other students that Anna Nusenbaum had a practice of giving Cuadrado permission to drive the car in question.

Although the motion court was correct in determining that the Nusenbaums' testimony does not negate implied consent as a matter of law, the court erred in deciding the issue on a paper record, rather than simply granting Cuadrado's request to hold a new framed issue hearing at which he and other witnesses could testify. In this regard, we note that Nusenbaum and her insurer are entitled to an opportunity to test the credibility of Cuadrado and the other student witnesses through cross-examination. We also note that Cuadrado evidently was not a party to this proceeding when the court rendered its May 2004 order, and that order was therefore not binding on him. Finally, that Cuadrado may have defaulted in certain of the underlying personal injury actions does not affect his ability to litigate the coverage issues raised in this proceeding. Concur—Tom, J.P., Friedman, Sullivan, Gonzalez and Catterson, JJ.