■ In the Matter of the Arbitration between FIDUCIARY INSURANCE COMPANY OF AMERICA, Appellant, et al., Respondents, and KELLY S. JACKSON et al., Respondents, and GOVERNMENT EMPLOYEES INSURANCE COMPANY, Respondent. [952 NYS2d 877]—

"[P]roof of ownership of a motor vehicle creates a rebuttable presumption that the driver was using the vehicle with the owner's permission, express or implied" (*Leotta v Plessinger*, 8 NY2d 449, 461 [1960]; *see Bernard v Mumuni*, 22 AD3d 186, 187 [1st Dept 2005], *affd* 6 NY3d 881 [2006]). This presumption was rebutted by substantial evidence that the subject vehicle was not being operated with the owner's consent. The owner testified that he left the keys on a table in his mother's home with instructions that his mechanic or his cousin would pick it up for repairs. Furthermore, a finding of constructive consent

requires a consensual link between the negligent operator and one whose possession of the car was authorized (*see Murdza v Zimmerman*, 99 NY2d 375, 381 [2003]). Here, there was no evidence showing a consensual link between the owner and his mother on the one hand, and the driver on the other. There is no basis to disturb the court's finding that the owner's testimony that he did not give the driver permission to use his car was credible (*see Leotta*, 8 NY2d at 461; *Matter of Eagle Ins. Co. v Lucia*, 33 AD3d 552, 554-555 [1st Dept 2006]). Concur—Gonzalez, P.J., Moskowitz, Acosta, Freedman and Abdus-Salaam, JJ.